UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM MOSHER,

       Plaintiff,                          Civil Action No.
                                                  4:13-cv-12431

vs.

                                                   HON. MARK A. GOLDSMITH

THE ROOTO CORPORATION,

       Defendant.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S AMENDED MOTION TO REMAND (DKT. 9)

### I. INTRODUCTION

The matter before the Court concerns whether Defendant The Rooto Corporation is a citizen of Michigan for purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332. The parties do not dispute that the amount in controversy requirement is met, or that Defendant's place of incorporation (Nevada) is diverse from Plaintiff's citizenship (Michigan). However, the parties disagree on whether Defendant's principal place of business is Michigan or Nevada. Because the Court concludes from the limited record before it that Defendant's principal place of business is Nevada, the Court denies Plaintiff's amended motion to remand (Dkt. 9).

### II. BACKGROUND

Plaintiff William Mosher — a Michigan resident — alleges that he was opening a container of Rooto Professional Drain Opener in May 2011 when the inner seal failed, thereby causing the contents of the container to spill out. Compl. ¶¶ 1, 6 (Dkt. 5, CM/ECF 8-9 of 14). He claims that the contents consequently came in contact with his body, resulting in severe third degree chemical burns. Id.

Plaintiff brought this action in Wayne County Circuit Court alleging two counts: (1) gross negligence and negligence and (2) breach of express and implied warranties. Id. (CM/ECF 9-11 of 14). He seeks compensation for damages and injuries sustained, "including, but not limited to, pain and suffering, mental anguish and emotional distress, hospital and medical bills and other health related expenses, loss of income and impaired earning capacity, inability to enjoy leisure activities and other pursuits, future pain and disability, embarrassment and mortification and loss of household services." Id. at ¶ 18 (CM/ECF 12 of 14).

Defendant removed the case to this Court on June 4, 2013. See Am. Notice of Removal (Dkt. 2). In its amended notice of removal, Defendant proclaimed, without explanation, that it "is a Nevada Corporation." Id. at 2. The Court subsequently issued an order noting that a corporation "is a citizen of both the state by which it has been incorporated and the state in which it operates its principal place of business." 6/5/2013 Order (Dkt. 4). Accordingly, the Court required Defendant to file a second amended notice of removal "in which the citizenship of Defendant is properly alleged, including both its state of incorporation and principal place of business." Id. Defendant filed its second amended notice of removal the next day, asserting that it "is a Nevada corporation with its principal place of business located at 200 Hoover Avenue, Unit 1411, Las Vegas, Nevada, 89101." Second Am. Notice of Removal at 2 (Dkt. 5).

Plaintiff subsequently filed a motion to remand, challenging only Defendant's principal place of business. Am. Mot. to Remand (Dkt. 9). Plaintiff argues that Defendant's principal place of business is Michigan, not Nevada, and thus diversity of citizenship does not exist. Id. Defendant filed a response and supporting affidavit (Dkts. 12, 12-4), and both parties subsequently filed supplemental briefs (Dkts. 15-17). The Court heard oral argument on October 3, 2013, and granted Plaintiff an opportunity to take limited discovery on the issue of

Defendant's principal place of business. 10/3/2013 Minute Entry. A few weeks later, Plaintiff, through counsel, informed the Court that he had chosen not to take advantage of that opportunity and that the motion should be decided based on the limited record already before the Court. The matter is now ripe for decision.

### III.  ANALYSIS

Pursuant to 28 U.S.C. § 1332(a), district courts have jurisdiction over matters in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. A corporation is deemed to be a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." Id. at (c)(1). As such, a corporation defendant may have dual citizenship: its place of incorporation and its principal place of business. See The Hertz Corp. v. Friend, 559 U.S. 77, 93 (2010); cf. Smith v. Federal Express Corp., No. 10-11956, 2010 WL 3634347, at *2 (E.D. Mich. Sept. 14, 2010) ("A corporation can have only one principal place of business."). The parties do not dispute that the amount in controversy exceeds $75,000 or that Defendant is incorporated in Nevada. The sole issue before the Court is whether Defendant's principal place of business is Nevada or Michigan for purposes of diversity jurisdiction. If the former, diversity of citizenship exists and jurisdiction is proper. If the latter, diversity jurisdiction does not exist in light of Plaintiff's allegation that he is a Michigan resident. See Compl. at ¶ 1 (CM/ECF 8 of 14).

As both parties acknowledge, the Supreme Court announced the controlling test for determining a corporation's principal place of business in February 2010.[1] In Hertz, 559 U.S. at 80, the Court concluded that a corporation's principal place of business is the place "where the

---

[1] The parties initially disagreed over the correct test to use in determining a corporation's principal place of business; Plaintiff cited pre-Hertz Ninth Circuit authority and Defendant cited pre-Hertz Sixth Circuit authority. See Pl.'s Am. Mot. to Remand (Dkt. 9); Def.'s Resp. (Dkt. 12). However, in their supplemental briefing, both parties agreed that the Hertz test announced by the Supreme Court controls. See Def.'s Supp. Br. (Dkts. 15-16); Pl.'s Supp. Br. (Dkt. 17).

corporation's high level officers direct, control, and coordinate the corporation's activities." In other words, the key inquiry is the location of the corporation's "nerve center," which will typically be its corporate headquarters. Id. at 80-81. However, the Court cautioned that "if the record reveals attempts at manipulation — for example, that the alleged 'nerve center' is nothing more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat — the courts should instead take as the 'nerve center' the place of actual direction, control, and coordination, in the absence of such manipulation." Id. at 97.

In opposition to Plaintiff's amended motion to remand, Defendant submitted an affidavit of its Secretary-Treasurer, Keith Kopf. Aff. of Keith Kopf, Ex. C to Def.'s Resp. (Dkt. 12-4).[2] Mr. Kopf stated that Defendant's principal corporate office is located at 200 Hoover Avenue in Las Vegas, Nevada; that the two officers of the corporation (including Mr. Kopf) reside and work on behalf of the company in Nevada; and that both officers "direct the operations of The Rooto Corporation in the State of Michigan by direct telephone, email, U.S. mail and periodic personal visits to the State of Michigan." Id. Mr. Kopf further explained that while the 200 Hoover Avenue address is a condominium building, the location "is set up as an office" and is "strictly an office location, no one lives or resides at this location." Id. Finally, Mr. Kopf noted that "[c]orporate management for [T]he Rooto Corporation is conducted at its Las Vegas, Nevada office" and that this address "is used on all of Rooto Corporation's Federal and Michigan income tax returns as well as on its federal employment tax related forms." Id. At the hearing on the amended motion to remand, the Court granted Plaintiff an opportunity to depose Mr. Kopf regarding the statements made in this affidavit, but Plaintiff declined to do so.

---

[2] In his supplemental brief, Plaintiff asserted that "defendant submits no Affidavits or other evidentiary support indicating that 200 Hoover Avenue in Las Vegas is the 'nerve center' of the business." Pl.'s Supp. Br. at 6 (emphasis in original). It is unclear what Plaintiff meant by this statement in light of Mr. Kopf's affidavit attached to Defendant's response.

Plaintiff challenges Mr. Kopf's statements that the Las Vegas condominium serves as Defendant's corporate offices. Pl.'s Supp. Br. at 3-4. He argues that the address is for a residential condominium and that Defendant has not been issued a license by the city of Las Vegas to conduct business from this residence. Id. at 4. Plaintiff contends the condominium consequently is "nothing more than a place . . . the owner of the defendant Rooto Corporation uses as an incorporation address and to possibly write off a vacation trip." Id.

On the other hand, Plaintiff relies on circumstantial evidence to show that Defendant's principal place of business actually is Michigan. Plaintiff highlights that the product at issue was manufactured and sold in Michigan, and that the bottle itself claims that it is "[a]n exclusive product of the Rooto Corporation, Howell, Michigan, 48855." Id. at 5-6. Plaintiff also notes that Defendant's letterhead uses a Howell, Michigan address, and that internet searches — including data from Dun and Bradstreet — reveal the Howell address as the location for Defendant's officers. Finally, Plaintiff provides correspondence between Defendant and certain federal agencies in which Defendant used its Michigan address as its primary address. Id.

The Court concludes that, based on the limited record before it, Defendant has established that its principal place of business is Nevada, rather than Michigan. As described above, a defendant's principal place of business is "where the corporation's high level officers direct, control, and coordinate the corporation's activities." Hertz, 559 U.S. at 80. Here, Mr. Kopf stated that Defendant's corporate headquarters are in Nevada; that the officers of the company direct the company's Michigan operations from this location; and that corporate management occurs in Nevada. Aff. of Keith Kopf, Ex. C to Def.'s Resp. (Dkt. 12-4). These assertions certainly establish "more than a mail drop box, a bare office with a computer, or the location of an annual executive retreat." Hertz, 559 U.S. at 97.

Plaintiff's attempts to undermine the affidavit by pointing to internet searches and Las Vegas municipal law are unavailing. The fact that certain real estate websites show the location as a "residential" condominium does not mean that Defendant does not conduct its operations out of that location. Indeed, Mr. Kopf explained that, while it is technically a condominium, Defendant uses it "strictly [as] an office location, no one lives or resides at this location." Aff. of Keith Kopf at 2 (Dkt. 12-4). Similarly, whether Defendant is in compliance with Las Vegas local law in using the condominium as its corporate headquarters does not dictate that Defendant is not actually using the property in this manner.[3]

Plaintiff's evidence that Defendant holds itself out to the public as having its principal place of business in Michigan fares no better. For example, Plaintiff contends that the container at issue refers to Michigan, Defendant's letterhead contains a Michigan address, and that Defendant used this Michigan address in some of its correspondence with the federal government. Pl.'s Supp. Br. at 5-6. However, just because the public may view Defendant's principal place of operations as located in one state does not mean that is Defendant's principal place of business for diversity jurisdiction purposes. Indeed, the Supreme Court held as much in explaining the rationale for its adoption of the "nerve center" test:

> We also recognize that the use of a "nerve center" test may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332 . . . . For example, if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the "principal place of business" is New York. One could argue that members of the public in New Jersey would be less likely to be prejudiced against the corporation than persons in New York—yet the corporation will still be entitled to remove a New Jersey state case to federal court. And note too that the

---

[3] Plaintiff also argued that the "State of Nevada Declaration of Value Form" for the property's sale to one of Defendant's officers has the property marked as a "condo/townhouse," not "Comm'l/Ind'l". Pl.'s Supp. Br. at 4. The Court does not find this persuasive. The property may not be zoned for, or designated as, commercial or industrial use. But this does not mean that the property is not used as Defendant's headquarters.

6

> same corporation would be unable to remove a New York state case to federal court, despite the New York public's presumed prejudice against the corporation.
>
> We understand that such seeming anomalies will arise. However, in view of the necessity of having a clearer rule, we must accept them. Accepting occasionally counterintuitive results is the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system.

Hertz, 559 U.S. at 96 (emphasis in original); see also id. at 93 ("A corporation's 'nerve center,' usually its main headquarters, is a single place. The public often (though not always) considers it the corporation's main place of business.").

Through Mr. Kopf's affidavit, Defendant has sufficiently shown that its principal place of business is Nevada for purposes of diversity jurisdiction. Although Plaintiff may have been able to refute that contention through additional discovery — such as a deposition of Mr. Kopf — Plaintiff chose to forego that opportunity and instead relied on the circumstantial evidence he had provided earlier. This evidence, however, is insufficient to undermine Mr. Kopf's statement that Defendant's officers manage and control the company's Michigan operations from Nevada. Accordingly, because Plaintiff is a citizen of Michigan and Defendant is a citizen of Nevada alone, Plaintiff's amended motion to remand is denied.

## IV.  CONCLUSION

The Court denies Plaintiff's amended motion to remand (Dkt. 9).

SO ORDERED.

Dated: November 20, 2013  s/Mark A. Goldsmith
Flint, Michigan  MARK A. GOLDSMITH
United States District Judge

7

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 20, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager
